Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 07-CV-194-GFVT

MARCUS THORNTON                                                                                      PLAINTIFF

VS:            **MEMORANDUM OPINION AND ORDER**

H.A. RIOS, JR., Warden                                                                                DEFENDANT

\*\*\*\*   \*\*\*\*   \*\*\*\*

Marcus Thornton is a prisoner in the custody of the Federal Bureau of Prisons ("BOP"). He was incarcerated in the United States Penitentiary ("U.S.P")-Big Sandy, in Inez, Kentucky, when he initiated the instant *pro se* action, seeking injunctive relief from certain conditions of his confinement there.

BACKGROUND

This Court first issued a Deficiency Order herein, advising the Plaintiff that his original submission was actually a civil rights complaint, with a district Court filing fee of $350.00, rather than a habeas petition, with a $5.00 filing fee, and providing him with a form complaint for his use. Additionally, the Court noted that Plaintiff had no exhibits or allegations going to show that he had exhausted the BOP administrative remedy process, as he had not supplied the following:

> Copies of all grievances, requests, appeals or other documents that the plaintiff filed about the claims in his complaint, *and* all response(s) received from prison personnel.
> OR
> A document signed by the plaintiff stating that he/she completed the Bureau of Prisons ("BOP") administrative remedy process as to each claim by filing (a) a

>request or appeal to the Warden; (b) an appeal to the Regional Director; *and* (c) an appeal to its Office of General counsel.
>
> OR
>
>If the plaintiff did not file exhaust the administrative remedy process as to any issue, a document explaining why he/she did not do so.

Record No. 3.

In response to the Court's Order, Plaintiff first submitted a Motion to Proceed *in forma pauperis*, with supporting financial information; that Motion was granted by an Order issued on November 19, 2007. On the same date, the Court also issued a Show Cause Order, in which it noted that the record now showed that Thornton had been moved to the BOP's Federal Medical Center in Springfield, Missouri; the Court, therefore, directed him to show cause why his transfer did not moot his request for changes in the conditions at U.S.P.-Big Sandy and require dismissal of this action.

Shortly thereafter, the Plaintiff filed the completed complaint form, with attached exhibits going to the conditions complained-of and the exhaustion issue, all of which the Court construes together as an amendment to Thornton's original pleading. These two pleadings are now before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

As Plaintiff is proceeding *pro se*, his pleadings are held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C.

## CLAIMS

Thornton claims that the conditions of his confinement in the Special Housing Unit of the U.S.P-Big Sandy, violated his Constitutional rights under the First, Fifth, and Eighth Amendments, BOP policy, and federal law.

## DEFENDANTS

As the Defendants, Plaintiff names U.S.P.-Big Sandy's Warden H. A. Rios, Jr.; Senior Officer E. Davis; Senior Officer L. Gardner; Educational Staffperson Ms. Snyder; Correctional Officer Meeks; Religious Staffperson Jeff Nevin; Senior Officer C. Adams; and a Lieutenant Pennington.

## RELIEF REQUESTED

The Plaintiff originally sought injunctive relief. His later complaint/construed amendment adds a demand for damages, including punitive damages.

## FACTUAL ALLEGATIONS

The following is a summary of the original allegations in the Petition herein and the amendments in the later-filed Complaint. Record Nos. 2, 11.

The Plaintiff initially claimed that in the Special Housing Unit ("SHU") he is subjected to threats and intimidation, which is discriminatory, as it is based on his race and appearance and which is also retaliatory for his having made complaints about the conditions there. Additionally, he alleges, retaliation takes the form of loss of his legal or personal property, theft of his correspondence, unnecessary searches, and food being late, cold, or contaminated with foreign matter. Further, he claims to have been denied the religious materials which he requested

§ 1915(e)(2)(B).

## CLAIMS

Thornton claims that the conditions of his confinement in the Special Housing Unit of the U.S.P-Big Sandy, violated his Constitutional rights under the First, Fifth, and Eighth Amendments, BOP policy, and federal law.

## DEFENDANTS

As the Defendants, Plaintiff names U.S.P.-Big Sandy's Warden H. A. Rios, Jr.; Senior Officer E. Davis; Senior Officer L. Gardner; Educational Staffperson Ms. Snyder; Correctional Officer Meeks; Religious Staffperson Jeff Nevin; Senior Officer C. Adams; and a Lieutenant Pennington.

## RELIEF REQUESTED

The Plaintiff originally sought injunctive relief. His later complaint/construed amendment adds a demand for damages, including punitive damages.

## FACTUAL ALLEGATIONS

The following is a summary of the original allegations in the Petition herein and the amendments in the later-filed Complaint. Record Nos. 2, 11.

The Plaintiff initially claimed that in the Special Housing Unit ("SHU") he is subjected to threats and intimidation, which is discriminatory, as it is based on his race and appearance and which is also retaliatory for his having made complaints about the conditions there. Additionally, he alleges, retaliation takes the form of loss of his legal or personal property, theft of his correspondence, unnecessary searches, and food being late, cold, or contaminated with foreign matter. Further, he claims to have been denied the religious materials which he requested

via a request to the Religious Program Coordinator.

Thornton also describes overcrowded and unsanitary conditions in the SHU cells. He claims that he has been put into cells already holding too many prisoners, has been made to sleep on the floor, and has been provided no satisfactory mattress. Additionally, SHU lights are on all day and night, and the place is inadequately heated, filthy, and not supplied with adequate materials for properly cleaning the space. Plaintiff also complains that the law library is inadequate and that he has only one hour of recreation per week.

In the Memorandum attached to the Petition, Thornton gives details about BOP employees who purportedly participated in the conditions imposed or actions complained-of, and he sets out portions of the BOP policies and regulations which he contends are being violated. Initially, the Plaintiff sought an improvement in the SHU conditions, protection from retaliation, and an investigation to see if criminal charges can be brought for the violation of 18 U.S.C. § 245.

In his later-filed Complaint, supporting affidavit, and exhibits, Thornton discusses events allegedly occurring at U.S.P.-Big Sandy in detail, including providing dialogues purportedly taking place between the actors involved. The Court briefly describes his claims against each Defendant as follows:

Plaintiff contends that Defendants Adams, Davis, Gardner, Meeks and Pennington were guilty of misconduct in a yelling match and physical confrontation which ended in the Plaintiff's being handcuffed and removed from his cell, apparently on August 10, 2007. In retaliation for Plaintiff's filing a grievance about the matter, Plaintiff's personal property has purportedly been taken.

Thornton's complaints about Defendant Nevin, the Religious Staffperson, are that he would not provide Plaintiff with information on various religions, took Plaintiff's borrowed reading materials about religions away from him on August 15, 2007, and then on August 24th got angry that Plaintiff wrote a grievance about it.

Ms. Snyder is alleged to have refused to provide Thornton with library materials which he claimed he needed for an appeal in BOP Administrative Remedy No. 454642-R1.  She purportedly did this in retaliation for Plaintiff's having complained of the conditions at U.S.P.-Big Sandy and for his having filed a grievance on her refusal to give him the requested material.

Finally, Warden Rios is faulted for knowing about the afore-described conditions of Thornton's confinement at the SHU and letting them persist.

As to when these complained-of events occurred, Plaintiff has typed the following paragraph on his November 21, 2007, Complaint/amendment:

> The events happened on and between the dates of August 10, 2007 and September 21, 2007, and August 10, 2007, August 11, 2007, August 12, 2007, September 12, 2007, September 18, 2007, September 19, 2007[,] September 20, 2007, September 21, 2007.

Record No. 11 at 3.

In the portion of the Complaint inquiring into his use of the BOP administrative remedy scheme, Plaintiff has skipped the questions about going to the warden or Regional Director with any request or complaint, but has claimed that he appealed to the Office of General Counsel of the BOP on September 17, 2007.  However, he types, his "[r]equest was denied."  In response to why he did not file other grievances, he as written, "I made an attempt to file administrative grievances yet complaints were not being processed by staff and or attachments along with

5

complaints were submitted to staff for copying, but were not returned." *Id.* at 5.

## DISCUSSION

A prisoner's use of administrative remedies is important to the Court because changes to the law in the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e(a), require state and federal prisoners bringing actions concerning prison conditions, and any other incident to prison life, such as excessive force, to exhaust all available administrative remedies before suing in federal court. *See Porter v. Nussle*, 534 U.S. 122 S. Ct. 983 (2002); *Lavista v. Beeler*, 195 F.3d 254, 256 (6th Cir. 1999). For any issue a prisoner-plaintiff intends to raise in federal court, he must demonstrate exhaustion, or his attempts at exhaustion, before he can be considered to have substantially complied with the law. *See Wyatt v. Leonard*, 193 F.3d 876 (6th Cir. 1999).

Moreover, exhaustion means "proper exhaustion," which demands compliance with prison procedural rules, *i.e.*, according to the terms and the time limits set by BOP regulations. *See Woodford v. Ngo*, ---- U.S. ----, ----, 126 S. Ct. 2378, 2387-88 (2006). Because exhaustion under 42 U.S.C. § 1997e(a) is mandatory, unexhausted claims cannot be brought in federal court. *Id.* at 2382.

The Bureau of Prisons ("BOP") has promulgated a series of administrative regulations which require federal prisoners to follow a three-step appeal process prior to filing suit in federal court concerning the conditions of their confinement. *See* 28 C.F.R. § 542.10-.19. (2007). Section 542.13(a) demands that an inmate first informally present his complaint to the staff [BP-8 form], thereby providing them with an opportunity to correct the problem, before filing a

request for an administrative remedy.

If the inmate cannot informally resolve his complaint, then he may file a formal written request to the Warden [a BP-9 form]. *See* § 542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director [a BP-10], and, if not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel [BP-11]. *See* § 542.15.

The administrative procedure includes established response times. § 542.18. As soon as an appeal is accepted and filed, the Warden has 20 days to respond; the Regional Director, 30 days; and General Counsel, 40 days. Only one extension of time of 20-30 days, in writing, is permitted the agency. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id*. As the Plaintiff's own admissions and supporting administrative remedy attachments clearly reveal, with regard to all of the complained-of conditions at U.S.P.-Big Sandy, Thornton has not fulfilled the exhaustion requirement in federal law. He has shown only that he took Remedy No. 454642 to the Regional Level; made several complaints via the informal process or by writing a BP-9, in late August and early September of 2007; and on September 17, 2007, abandoned all further efforts.

In his attached BP-11 to the BOP National Office, dated September 17, 2007, Thornton acknowledges that he knew that he was bypassing the BP-9 and BP-10 levels, but he further writes, he had "no other recourse but to file outside of the institution." However, he was wrong. Thornton did have an alternative available to him. The BOP administrative remedy program provides its own exceptions to the general scheme, one of which, to protect prisoners raising

issues sensitive to the institution, is applicable herein:

> If an inmate reasonably believes [his] issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit the Request directly to the appropriate Regional Director.

28 C.F.R. § 542.14(d)(1). However, the instant Plaintiff did not submit his complaints to the Regional Director, as was the proper step for going outside the institution, under the BOP administrative process. He chose to skip from the informal or warden stage at the institution to the final step, the National Office.

Thus, Thornton has not properly exhausted the standard administrative remedies available to him as to any issue which he raises herein. Nor has he taken the option to tell the Regional Director of his difficulties at the institutional level. He may not, therefore, proceed with his unexhausted claims before this Court. In *Jones v. Bock*, ---- U.S. ----, ----, 127 S.Ct. 910 (January 22, 2007), the Supreme Court has dictated as follows:

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim

*Id.*, ---- U.S. at ----, ----, 127 S.Ct. at 920-921.

This Court and several other district courts, have held that under *Jones v. Bock*, even though exhaustion of administrative remedies need not be pled specifically in the complaint, *sua sponte* dismissal – for failure to state a claim upon which relief may be granted – is appropriate on initial review where it is apparent from the face of the complaint that an inmate has failed to exhaust the prison grievance procedure. *Winkelman v. John Doe*, 2007 WL 4139713 at *7-8 (E.D.Ky. November 19, 2007) (the undersigned presiding); *Spaulding v. Oakland County Jail*

*Medical Staff,* 2007 WL 2336216, *3 (E.D.Mich. August 15, 2007) (slip op.) (dismissing complaint on initial screening for failure to exhaust because it was clear from the face of the complaint that the prisoner had not exhausted his administrative remedies prior to filing suit); *Funk v. Washburn,* 2007 WL 17473 84, *1 (M.D.Fla. June 8, 2007) (slip op.) (not necessary for the Court to await the defendant's responsive pleading to raise the defense); *Leary v. A.R. U.S. Conerly,* 2007 WL 1218952 (E.D.Mich. April 25, 2007) (slip op.) (when lack of exhaustion was obvious from the face of a pleading, requiring the defendant to file a motion to dismiss for failure to exhaust would be a waste of defendants' and the Court's time and resources); *Tanner v. Fed. Bureau of Prisons,* 475 F.Supp.2d 103, 105 (D.D.C. March 1, 2007) (same); *Ghosh v. MeClure,* 2007 WL 400648, at *6, n. 3 (S.D.Tex. January 31, 2007) (unpublished) ("Nothing in the Supreme Court's decision in *Jones* precludes a reviewing court from raising the issue of exhaustion *sua sponte* or dismissing the complaint without service on the defendants where the pleadings and the record confirm that a prisoner has violated 42 U.S.C. § 1997e(a) by failing to exhaust his remedies before filing suit").

  Such is exactly the case herein. Plaintiff's failure to exhaust, which is clear on the face of the Complaint, warrants dismissal of his complaint in the first instance. Additionally, this result is consistent with Sixth Circuit not permitting prisoners to short-circuit the administrative system. A prisoner may not start the administrative remedy scheme, then stop on the ground that it would be futile to go further, and ask the federal court to rule they had done enough. *McRae v. Corrections Corp. of America*, 208 F.3d 214 (6th Cir. March 27, 2000). Nor may inmates avoid the exhaustion requirement by waiting until their administrative remedies are time-barred. *Wright v. Morris*, 111 F.3d 414, 417 (6th Cir.), *cert. denied*, 118 S.Ct. 263 (1997).

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** as follows:

(1) Plaintiff's Complaint [Record No. 11] is **CONSTRUED** as an amendment to the original Petition; and

(2) this action is **DISMISSED**, *sua sponte*, without prejudice, and Judgment shall be entered contemporaneously with this Memorandum Opinion in favor of the Defendants.

This the 12th day of December, 2007.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge